```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


STANLEY DeGONIA,                    )
                                    )
          Petitioner,               )
                                    )
     v.                             )      No. 4:06 CV 1601 CDP
                                    )                       DDN
MICHAEL BOWERSOX,                   )
                                    )
          Respondent.               )
```

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This action is before the court upon the petition of Missouri state prisoner Stanley DeGonia for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

### PROCEDURAL BACKGROUND

**State court proceedings**

Petitioner DeGonia was indicted in the Circuit Court of St. Francois County for first degree murder on November 7, 2000, "after deliberation, knowingly caused the death of James E. Hanners by striking him and setting fire to his home" (Count I), and of arson in the first degree (Count II). (Doc. 12, Ex. A at 8-10.) Following a change of venue, petitioner waived trial by jury and the case was tried on October 23, 2002, to Circuit Judge Bernhardt C. Drumm, Jr., in the Circuit Court of St. Louis County, sitting without a jury. (Id. at 206.) Judge Drumm found petitioner guilty of second degree murder on Count I and not guilty of arson in the first degree on Count II. (Id. at 237.) On December 16, 2002, petitioner was sentenced to a term of life imprisonment on Count I. (Id. at 238.)

On direct appeal from the conviction, petitioner argued only that the conviction for second degree murder was not supported by legally sufficient evidence. (Id., Ex. C at 12.) The Missouri Court of Appeals

affirmed his conviction on April 6, 2004. (<u>Id.</u>, Ex. E)(unpublished opinion); <u>State of Missouri v. DeGonia</u>, 136 S.W.3d 802 (Mo. App. 2004).

In July 2004, petitioner filed a pro se motion for post-conviction relief with the circuit court under Missouri Supreme Court Rule 29.15. In this motion petitioner alleged he received constitutionally ineffective assistance of counsel, because his trial counsel failed to call a witness who would have testified that petitioner's co-defendant had admitted to him that he had committed the offense for which petitioner was convicted. (Doc. 12, Ex. F at 3-15.)

In an amended motion for post-conviction relief, filed with appointed counsel, petitioner alleged that his jury trial waiver was not voluntary, and that his two trial attorneys rendered constitutionally ineffective assistance of counsel because (1) his counsel advised him to waive a trial by jury because the state had promised not to seek the death penalty and when the state had legally insufficient evidence to prove murder in the first degree; and (2) his trial counsel failed to argue during the bench trial that petitioner could be found guilty of voluntary or involuntary manslaughter, instead of murder. (<u>Id.</u> at 21-36.)

Judge Drumm denied the motion for post-conviction relief without a hearing. (<u>Id.</u> at 39-43.)

On appeal from the denial of post-conviction relief, petitioner argued (1) his waiver of a trial by jury was not voluntary and knowing, because it was based upon an illusory promise by the state (illusory because the state then knew it did not have sufficient evidence to prove first degree murder); (2) his waiver of a trial by jury was based upon constitutionally ineffective assistance of counsel, because his counsel knew or should have known that the state had insufficient evidence of first degree murder; and (3) his counsel rendered constitutionally ineffective assistance by failing to argue to the trial court that it should consider the lesser-included offenses of voluntary or involuntary manslaughter. (<u>Id.</u>, Ex. G at 10-13.) The Missouri Court of Appeals

affirmed the denial of relief. (Id., Ex. I) (unpublished opinion); DeGonia v. State of Missouri, 175 S.W.3d 201 (Mo. App. 2005).

In its unpublished opinion affirming the circuit court's judgment, the Missouri Court of Appeals stated the facts indicated by the record:

> The victim was [petitioner's] step-father and the two had an on-going disagreement about the treatment of [petitioner's] mother. [Petitioner] and Mark McCord ("McCord") had been seen drinking together most of the day of the murder. Additionally, two neighbors testified they saw [petitioner] and McCord at the victim's home at approximately the same time the murder occurred. A jacket that witnesses said they had seen [petitioner] wearing was found hidden in McCord's home with bloodstains that matched the victim's blood type.
>
> The victim's home was set afire in an attempt to hide the murder. Because of the fire, the police chief was at the victim's home shortly after the crime. He saw [petitioner] and McCord in the group of on-lookers and became suspicious when he saw injuries on the two men's hands and blood splatters on their clothes. [Petitioner] and McCord were taken into custody and interrogated. [Petitioner] voluntarily gave a videotaped statement to the police in which he admitted he was in the victim's home with McCord, he stood on the victim's head and assaulted him, he saw McCord attempt to start the house on fire, and "he did not mean to kill [victim]."
>
> The coroner testified that the actual cause of death was carbon monoxide poisoning from the fire. He further explained that there were three to four blows to the victim's head that were severe enough to cause him to either be unconscious or dazed but that he was alive at the time of the fire. The coroner testified that victim "was struck with something solid, a fist, a boot, a brick, some other hard object. . . . There was [internal bleeding] in the area over the brain above the left ear, and both eyes. There was a fracture of the nose . . . abrasions of the lip and chin . . . internally . . . extensive bruising of the scalp and temporal areas and the back of the scalp. . . . It indicates to me a significant amount of force was applied to the head."

(Doc. 12, Ex. E at 2-3.)

**Federal habeas petition**

On November 1, 2006, DeGonia filed the present federal habeas corpus petition pursuant to 28 U.S.C. § 2254. In his petition, Degonia alleges the following grounds for relief:

(1) The evidence at trial was insufficient to sustain a conviction for second degree murder under Missouri law and the conviction violates the Due Process Clause. The victim died from smoke inhalation, stemming from a fire set after the victim was assaulted. Petitioner argues that because the trial court acquitted him of arson in the first degree, he is innocent of murder in the second degree.

(2) His trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments because his counsel: (a) recommended petitioner waive his right to trial by jury, depriving petitioner of his right to insist on an "all or nothing" defense that would submit to the jury only the charges of murder in the first degree and arson in the first degree; (b) failed to call petitioner's co-defendant to testify, which would disprove the state's position as to the crime of murder in the second degree; and (c) failed to move for a mistrial after the court found petitioner guilty of murder in the second degree all the while acquitting him of arson and murder in the first degree.

(3) The verdicts, not guilty of first degree arson and murder, but guilty of second degree murder, were inconsistent in violation of the Due Process Clause. Petitioner argues that he did not raise this claim in his amended Rule 29.15 motion or in his direct and post-conviction appeals to the Missouri Court of Appeals because he received ineffective assistance of counsel during his post-conviction trial court and direct appeal proceedings.

(4) The state failed to provide petitioner the death certificate of the victim in violation of Brady v. Maryland, 373 U.S. 83 (1963). He also argues that he did not raise this claim in his amended Rule 29.15 motion or in his direct and post-conviction appeals to the Missouri Court of Appeals because of ineffective assistance of counsel.

Respondent argues that Grounds 2, 3, and 4 are procedurally barred, and that all four grounds are without merit.

**DISCUSSION**

**Exhaustion of state court remedies and procedural bar**

To qualify for federal habeas corpus review, a petitioner must have first fully exhausted all available state court remedies for each ground he presents in federal court. See 28 U.S.C. § 2254(b)(1)(A), (c).

> Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted. Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims.

Skillicorn v. Luebbers, 475 F.3d 965, 976-77 (8th Cir. 2007). The federal grounds must have been presented to both the state trial and appellate courts. Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997).

Respondent argues that Grounds 2, 3, and 4 are procedurally barred. The undersigned agrees. Ground 1 was raised by petitioner in the direct appeal from his conviction and ruled against him. However, Grounds 2, 3, and 4 were not presented to the Missouri circuit court or the appellate court. Therefore, petitioner has defaulted in the state courts on those grounds.

Petitioner may avoid the procedural bar to federal habeas review if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with state procedural requirements. Id. at 750-52. Lack of education or legal training and pro se status on the part of petitioner are not legally sufficient cause for procedural default. See Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). Ineffective assistance of counsel during state post-conviction proceedings is not sufficient cause, because no constitutional right to counsel attaches in

those proceedings. Coleman, 501 U.S. at 752-55; Oxford v. Delo, 59 F.3d 741, 748 (8th Cir. 1995).

Petitioner has not argued the existence of legally sufficient cause and prejudice to overcome his procedural default, appearing to admit the default. (Doc. 22 at 1, 2.)

Petitioner may also avoid the procedural bar by demonstrating that the failure of this court to consider the grounds of his petition will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 735 n.1; Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994). To demonstrate failure to review his grounds for relief would result in a fundamental miscarriage of justice, a petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-496 (1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995).

Petitioner has not presented this court with any new, reliable evidence to support a claim of actual innocence. Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim. Id. at 316.

Grounds 2, 3, and 4 are procedurally barred. Nevertheless, a federal court may deny alleged grounds for habeas relief on their merits, notwithstanding the failure of petitioner to exhaust available state remedies. See 28 U.S.C. § 2254(b)(2).

**Standard of review**

Relief from a state court conviction may not be granted on federal habeas corpus grounds unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The summary nature of state court decisions does not modify the standard of review used by this court. Closs v. Weber, 238 F.3d 1018, 1020 (8th Cir. 2001).

A state court decision is contrary to established federal law if it contradicts the governing Supreme Court rulings on a question of law or if, when confronting facts "materially indistinguishable" from the facts addressed in a Supreme Court decision, it reaches a different result. Williams v. Taylor, 529 U.S. 362, 406 (2000).

**Ground 1: Sufficiency of the trial evidence**

Petitioner alleges that his conviction for second degree murder is not supported by legally sufficient evidence, in violation of the Due Process Clause of the Fourteenth Amendment.

Due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979). When reviewing the sufficiency of the evidence, the relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16.

In Missouri, there are two essential elements to the crime of second degree murder: (1) a person's intent to cause serious physical injury to the victim, and (2) the person's actions causing the victim's death. Mo. Rev. Stat. § 565.021.1 (2000).[1]

---

[1] Under Missouri law, a "person commits the crime of murder in the second degree if he . . . with the purpose of causing serious physical injury to another person, causes the death of another person." Mo. Rev. Stat. § 565.020.1 (2000).

When a person commits an assault with an instrument in a manner likely to produce death or serious physical injury, and death or physical injury results, it is presumed that he intended the natural consequences of his actions. State v. Smith, 891 S.W.2d 461, 467 (Mo. Ct. App. 1994). In this case, the victim was struck at least three to four times in the head by some form of blunt force with sufficient force to cause subdural hemorrhage in the area over the brain above the left ear. Abrasions and bruises were found on the victim's face and head, and his nose was fractured. The victim's blood was splattered on the kitchen walls and floor, and the victim's dentures were found in two pieces on either side of the refrigerator. (Doc. 12, Ex. I at 5.) The evidence presented was sufficient to show that petitioner DeGonia's actions likely caused serious physical injury and that serious injury actually resulted. Therefore, DeGonia's intent to cause serious physical injury was sufficiently established by the trial evidence.

Next, petitioner challenges the causal relationship between the his acts and the victim's death. Because the actual cause of the victim's death was carbon monoxide poisoning from the fire, and because the trial court acquitted him of arson, petitioner argues that there is no causal relationship between his acts and the victim's death, making him innocent of murder in the second degree.

To support a conviction of homicide, death may result from two or more contributing causes and it is not necessary that the act of the defendant be the sole cause of the victim's death. State v. Bates, 607 S.W.2d 753, 758 (Mo. Ct. App. 1980). "A person is criminally responsible for a homicide in whatever manner or by whatever means it was accomplished, provided it was proximately caused by his unlawful act. And the unlawful act need not be the immediate cause of death. It is enough that it be a contributing proximate cause, although other contributing causes may have intervened." Id.

In this case, it is not clear whether the victim would have died during the fire if the victim had not already been seriously injured by the petitioner. But even if the victim would not have died without

petitioner's beating, the evidence indicated that serious injury was inflicted by petitioner which at least rendered the victim helpless during the fire and accelerated the victim's death. Thus, based on the trial evidence, a reasonable fact-finder could find beyond a reasonable doubt that petitioner's beating of the victim was at least a contributing cause of the victim's death, satisfying the essential element of causation.

Ground 1 should be denied on its merits.

**Ground 2: Ineffective assistance of counsel**

In his second ground for relief, petitioner alleges ineffective assistance of trial counsel. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The <u>Strickland</u> test requires federal habeas corpus relief if it is shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u> at 686.

There are two elements to a claim of ineffective assistance of counsel. A habeas petitioner must first demonstrate that counsel's performance fell below an objective standard of reasonableness. <u>Id.</u> at 687-88. In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. <u>Id.</u> at 690; <u>Blackmon v. White</u>, 825 F.2d 1263, 1265 (8th Cir. 1987). The strategic choices counsel made after thorough investigation are virtually unchallengeable, and decisions following a less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. <u>Strickland</u>, 466 U.S. at 690-91.

If constitutionally deficient attorney performance is shown, petitioner must then demonstrate that this performance of counsel was so prejudicial that the result of the proceedings would have been different absent the error. <u>Id.</u> at 687; <u>Ford v. Armontrout</u>, 916 F.2d 457, 460 (8th Cir. 1990). In addition, the prejudice must not be simply a

"possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). When attacking the effectiveness of counsel on constitutional grounds, the petitioner bears a heavy burden. See Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006), cert. denied, 127 S.Ct. 980 (2007).

Petitioner alleges three specifications of ineffective assistance.

**Waiving the jury**

Petitioner's first specification of alleged constitutionally ineffective assistance is that his trial counsel recommended that he waive his right to trial by jury. This, he argues, deprived him of his right to insist on an "all or nothing" defense that would submit to the jury only the charge of murder in the first degree and arson in the first degree.

In his argument before the state courts, petitioner reasoned that his legal counsel should have known the state's promise not to seek the death penalty was illusory and if petitioner had known that, he would not have waived his right to trial by jury. Subsequently, he argues, the outcome of petitioner's trial would have probably been different.

In this case, petitioner's waiving a jury was sound strategy in exchange for the state's promise not to seek the death penalty. This waiver took the risk of death off the table when the petitioner was unsure whether the state would seek the death penalty for first degree murder and arson. Petitioner argues that because the trial court ultimately acquitted him of first degree murder and arson, there was insufficient evidence for that charge. He argues that his counsel should have known that and known that if he did not waive his right to trial by jury and had instead insisted on an "all or nothing" defense, the outcome would have been different.

Petitioner's argument is meritless. First, the trial court's decision does not necessarily show that counsel should have known there was insufficient evidence for that charge. Second, the state offered

substantial evidence of first degree murder and arson. A police officer testified that petitioner told him that he saw his accomplice set the wallpaper on fire and he told his accomplice "that is enough," before his accomplice told him to leave the building. (Doc. 12, Ex. B at 271.) Counsel could reasonably believe that the court or a jury might conclude there was an agreement between petitioner and his accomplice to set the fire. Combined with other evidence, this could support finding petitioner guilty of first degree murder and arson. Third, even if petitioner did not waive his right to a jury and insisted on an "all or nothing" defense, the result had the potential to be even worse because "[w]here one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some defense, the jury is likely to resolve its doubt in favor of conviction." Keeble v. United States, 412 U.S. 205 (1973). Here, if petitioner had insisted on an "all or nothing" defense and the jury understood petitioner at least contributed to the victim's death, the jury could have found him guilty of first degree murder and arson. Thus, counsel's advice to waive the right to a jury was a sound strategy and fell within prevailing professional norms.

Even if petitioner had retained the right to a jury trial and insisted on an "all or nothing" defense, for the reasons discussed above, the result could have been worse for petitioner. Therefore, counsel's advice to waive the right to a jury trial was neither objectively unreasonable nor prejudicial.

Petitioner's first specification of constitutionally ineffective assistance of counsel is without merit.

**Failures to call co-defendant as a witness and to move for mistrial**

In his second and his last specifications of ineffective assistance, petitioner argues that his counsel failed to call petitioner's co-defendant to testify, which would have disproved the charge of murder in the second degree, and he failed to move for a mistrial after the court found petitioner guilty of murder in the second degree while acquitting him of arson and murder in the first degree.

These specifications of ineffective assistance should be denied because they are procedurally barred. The record is insufficient to consider them on their merits.

Petitioner has not shown either legally sufficient cause for his procedural default and the resulting bar and has not shown prejudice from this court's failure to consider these two specifications. Because petitioner's actions at least contributed to the victim's death, he is not probably actually innocent. Carrier, 477 U.S. at 496.

The second and third specifications of alleged ineffective assistance of counsel should be denied because of procedural default.

**Ground 3: Inconsistent verdicts**

Petitioner contends that the trial court violated his constitutional rights by entering verdicts that were inconsistent because one found him not guilty of first-degree arson and murder while the other found him guilty of second-degree murder. He argues:

> In order to find a defendant guilty of Second Degree Murder under Missouri Law the state must prove the Corpus Delicti of the crime charged. In the case at bar the State failed to prove Petitioner set the fire that caused the smoke that caused the Death of the victim. The Trial Court erred to the prejudice of Petitioner when it entered a Judgment of Conviction for Second Degree Murder after having Acquitted Petitioner of the Crime of Arson. Petitioner must be convicted of the Arson in order for the Court to enter a Judgment of Conviction for the Murder as the Arson was the cause of the smoke that necessarily caused the Death of the Victim. Therefore the verdict was inconsistent as a matter of Law under Missouri Statutes.

(Doc. 1, Supp. at 6.)

This ground may be denied as procedurally barred. Petitioner failed to present this claim to this Missouri courts. His asserted justification for failing to do this, ineffective assistance from post-conviction relief counsel, is insufficient. Ineffective assistance of post-conviction counsel cannot be used to excuse a default. See 28 U.S.C. § 2254(i). ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a

ground for relief in a proceeding arising under section 2254."). Also, his claim of ineffective assistance of direct appellate counsel is itself procedurally defaulted. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Third, there is no evidence to satisfy the cause and prejudice standard or to show that any fundamental miscarriage of justice would result from the procedural bar.

This claim is also meritless. It has long been held that inconsistent criminal case verdicts, without more, are not a basis for habeas corpus relief. Dunn v. United States, 284 U.S. 390, (1932)(inconsistent jury verdicts against one defendant); Harris v. Rivera, 454 U.S. 339, 346 (1981)(inconsistent non-jury verdicts among defendants); United States v. Nolen, 536 F.3d 834, 844 (8th Cir. 2008)(generally, inconsistent verdicts are not improper).

In Harris, petitioner Rivera, his wife, and Earl Robinson were charged with crimes related to breaking into another's apartment and theft. The three defendants were tried together to a New York state judge, sitting without a jury. The judge listened to the evidence and found all three defendants not guilty of three counts, acquitted Robinson on all counts, but found petitioner and his wife guilty of robbery, larceny, and burglary. The convictions were affirmed on appeal. The United States District Court for the Southern District of New York denied habeas relief. The Second Circuit reversed because the trial judge had not explained the rational basis for the facially inconsistent verdicts. The Court of Appeals remanded the case to the district court with directions to grant relief unless the state trial judge sufficiently explained the verdict inconsistency. Rivera v. Harris, 643 F.2d 86, 97-98 (2nd Cir. 1981). The Supreme Court reversed. The court reasoned that, in their non-jury verdicts, judges are presumed to follow the law and to correctly apply the rules of evidence and other rules of decision, a judge might not be able to clearly articulate the reasonable doubt that led to the acquittal, and the acquittal may have been based upon an error of law or some inappropriate lenity. Harris, 454 U.S. at 465-66. See also,

In any event, for the reasons discussed in the analysis of ground one, the charge of arson is not necessary in order to convict petitioner of second-degree murder. The verdicts are thus not necessarily inconsistent.

This ground should be denied based on a procedural bar and on the merits.

**Ground 4: Failure to produce death certificate**

Petitioner argues that the prosecution failed to provide him the victim's death certificate before trial, in violation of Brady v. Maryland, 373 U.S. 83 (1963). He argues that the victim's death certificate indicated that he died from smoke inhalation. He argues that, because his assault on the victim "had nothing to do with the fire that was set by Petitioner's co-defendant without the knowledge of Petitioner [] Petitioner was not guilty of . . . Murder in the Second Degree as the Court found." (Doc. 1, Supp. at 7.)

As stated above, this claim is procedurally barred. Petitioner did not raise this ground before the state circuit and appellate courts. For the reasons discussed above in ground 3, the petitioner's justification for failing to raise this claim cannot stand.

This claim is also meritless. "There are three components of a Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-82 (1999). In this case, the third element of "prejudice" cannot be satisfied. The death certificate simply showed that the victim died from smoke inhalation stemming from the fire. However, the state court had already accepted this conclusion through the coroner's testimony. (Doc. 12, Ex. E at 2.) Therefore, the outcome would not have been influenced by the submission of the death certificate. This claim cannot satisfy the third element of a Brady violation and it without merit..

**RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of Stanley DeGonia for a writ of habeas corpus be denied.

The parties are advised they have until April 1, 2009, to file written objections to this Report and Recommendation. The failure to file timely written objections will waive issues of fact on appeal.

      /S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 13, 2009.