UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY J. DEGONIA, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:06CV1601 CDP |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

On September 23, 2009, I denied movant Stanley J. DeGonia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and I denied a certificate of appealability in the same order. The Eighth Circuit Court of Appeals also denied his request for a certificate of appealability. DeGonia has now filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). He argues that his claims of ineffective assistance of counsel that I held to be procedurally defaulted are now cognizable based on the Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). He also seeks to raise a new claim of actual innocence. Because I find that his claim is actually a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, I will deny his motion.

Although labeled as a motion for relief under Rule 60(b), applications by prisoners that assert a federal basis for relief from a state court judgment of

conviction under § 2244(b) must comply with the second or successive restrictions on post-conviction proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). In *Gonzalez*, the Supreme Court explained that motions attacking "some defect in the integrity of the federal habeas proceedings" could be brought under Rule 60(b), but motions asserting a claim on the merits could not. *See id.* at 538; *see also Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009). If a Rule 60(b) motion's factual predicate deals primarily with the constitutionality of the underlying state conviction, it should be construed as a second or successive habeas petition. *See Peach v. United States*, 468 F.3d 1269, 1272 (10th Cir. 2006); Brian R. Means, Federal Habeas Manual § 11:42 (2012). Because the factual predicate of the instant motion deals with the validity of DeGonia's state conviction, I will construe the motion as a successive petition for writ of habeas corpus.

To the extent that DeGonia seeks to relitigate his claims of ineffective assistance of counsel that he brought in his original motion, those claims must be denied pursuant to 28 U.S.C. § 2241(b)(1). To the extent this his motion seeks to bring a new claim of actual innocence as a basis for habeas relief, DeGonia must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this court. 28 U.S.C. § 2244(b)(3)(A). DeGonia has not been granted leave to file a successive habeas petition in this court. Therefore, his motion must be dismissed.

Furthermore, even if I were to consider his motion on the merits, DeGonia would not be entitled to relief. The Supreme Court specifically stated in *Martinez* that its holding was an equitable ruling, and it does not "provide defendants a freestanding constitutional claim to raise" as would be conferred by a constitutional ruling. *Martinez*, 132 S. Ct. at 1319-20. Thus, DeGonia may not use this holding to relitigate his claims of ineffective assistance of counsel that have previously been denied, regardless of the label he places on his motion.

As I have considered this motion as a second or successive petition under § 2254, I must also determine whether to issue a Certificate of Appealability. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of DeGonia's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that DeGonia's motion for relief from judgment [#42] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2013.